**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1436**

GRECIA DEL CARMEN MONJARAS-ROMERO,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: November 21, 2017                    Decided: December 14, 2017

Before DUNCAN, WYNN, and DIAZ, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Edmundo G. Rogers, U.S. IMMIGRATION ATTORNEYS, LLC, Lauderhill, Florida, for Petitioner. Chad A. Readler, Acting Assistant Attorney General, John S. Hogan, Assistant Director, Todd J. Cochran, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Grecia del Carmen Monjaras-Romero, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing her appeal from the immigration judge's denial of her requests for asylum and withholding of removal.[*] We have thoroughly reviewed the record, including the transcript of Monjaras-Romero's merits hearing and all supporting evidence. We conclude that the record evidence does not compel a ruling contrary to any of the administrative factual findings, *see* 8 U.S.C. § 1252(b)(4)(B) (2012), and that substantial evidence supports the Board's decision, *see INS v. Elias-Zacarias,* 502 U.S. 478, 481 (1992).

We have also considered the various bases for Monjaras-Romero's claim that the immigration judge's conduct at the merits hearing violated her due process rights and find no error in the Board's conclusion that Monjaras-Romero failed to show that the immigration judge was biased or that she did not receive a full or fair hearing. *See* 8 U.S.C. § 1229a(b)(1) (2012) (giving immigration judges authority to "interrogate, examine, and cross-examine the alien and any witnesses"); *Rusu v. INS,* 296 F.3d 316, 321-22 (4th Cir. 2002) (providing that an alien must be "accorded an opportunity to be heard at a meaningful time and in a meaningful manner, i.e., . . . [to] receive a full and fair hearing on [her] claims").

---

[*] Monjaras-Romero does not challenge the denial of her request for protection under the Convention Against Torture and has therefore waived appellate review. *See Ngarurih v. Ashcroft,* 371 F.3d 182, 189 n.7 (4th Cir. 2004).

We therefore deny the petition for review for the reasons stated by the Board. *In re Monjaras-Romero* (B.I.A. Mar. 10, 2017). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*